UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Richard Croak, Esq.,**

                              **Appellant,**

              -v-                                        **1:08-CV- 465**

**Beatrice E. Turner,**

                              **Appellee.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**In re Beatrice E. Turner,**                             **Bankr. No. 07-12971**
                                                                       **Chapter 7**

                              **Debtor.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
Richard Croak, Esq.
Office of Richard Croak
314 Great Oaks Boulevard
Albany, New York 12203
Appellant, *pro se*

Beatrice E. Turner
400 McChesney Ave. Ext.
Apt. 9-1
Troy, New York 12180
Appellee, *pro se*

Marc S. Ehrlich, Esq.
Ehrlich & Arcodia
64 Second Street
Troy, New York 12180
Chapter 7 Trustee

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Appellant Richard Croak, Esq., former attorney for Beatrice E. Turner ("Turner"), the debtor in the underlying Chapter 7 bankruptcy proceeding, appeals from an Order of United

States Bankruptcy Judge Robert E. Littlefield, Jr., dated March 19, 2008.  Appellant challenges so much of that Order as requires appellant to pay $260 to Turner and holds that the sum Turner has already paid appellant was reasonable compensation for appellant's services.

While represented by appellant, Turner filed a Chapter 7 bankruptcy petition on October 31, 2007.  On February 13, 2008, the Clerk of the Bankruptcy Court issued a notice that Turner's case "has been closed without entry of discharge as Debtor did not file Official Form 23, Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management."  Under the Bankruptcy Code, a bankruptcy court cannot grant a discharge in a Chapter 7 case if the debtor failed to complete a financial management course.  11 U.S.C. § 727(a)(11).

On February 27, 2008, Turner, acting *pro se,* wrote to the court seeking to reopen the case, file a certificate of completion of a financial management course, and obtain a discharge.  She enclosed the $260 reopening fee and a "Certificate of Debtor Education" showing she had completed the course on February 19, 2008.  Turner also requested a hearing regarding the reopening fee.  She stated that appellant's office had incorrectly advised her she had 90 days to file the certificate, resulting in the closure without discharge after 45 days.  Appellant does not dispute that in fact Turner had only 45 days to file the certificate.

Judge Littlefield granted Turner's request to reopen her case and awarded her a discharge on February 28, 2008.  He held a hearing on March 18, 2008 to address the other relief requested.  After the hearing, Judge Littlefield ordered as follows:

> ORDERED, that the reopening fee of $260.00 paid by the debtor shall be reimbursed by Richard Croak, Esq. for the Debtor having to apply *pro se* to reopen her case to get the discharge despite Attorney Croak being the attorney of record and the Debtor's continued attempts, as outlined in her response ... to receive assistance and guidance from Attorney Croak and his staff to no avail; and it is further

> ORDERED, that the fee to be reimbursed shall be paid to the debtor within ten (10) days of entry of this order; and it is further
> ORDERED, that based on what is before the court, the record created today, and the totality of the circumstances, the fee that has been tendered to date by the Debtor to Richard Croak Esq. is reasonable compensation for what was done in this case pursuant to 11 U.S.C. § 329. (Debtor's transactions with attorneys).

On appeal from this Order, appellant contends Judge Littlefield erred in closing the case without discharge upon Turner's failure timely to file a certificate of completion of a financial management course. Appellant also argues it was error to close the case without giving prior notice. And finally, appellant argues Judge Littlefield's attorney's fee ruling was an abuse of discretion.

On an appeal from a bankruptcy court order, the district court reviews findings of fact for clear error, conclusions of law *de novo*, and any award of costs, attorney's fees, and damages for abuse of discretion. *See Lubow Mach. Co. v. Bayshore Wire Prods.* (*In re Bayshore Wire Prods.*), 209 F.3d 100, 103 (2d Cir. 2000). The Bankruptcy Code affords bankruptcy judges substantial discretion in awarding attorney's fees. *See* 11 U.S.C. § 329. Likewise, a bankruptcy court's decision to impose sanctions is reviewed for abuse of discretion. *In re Highgate Equities, Ltd.*, 279 F.3d 148, 151 (2d Cir. 2002). A bankruptcy court abuses or exceeds its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted).

This Court has reviewed appellant's brief, Judge Littlefield's March 19, 2008 Order, the

applicable law, and the bankruptcy court record, including the transcript of the March 18, 2008 hearing before Judge Littlefield.  As set forth below, the Court affirms the Order in all respects.

The Court considers first whether Judge Littlefield improperly required appellant to reimburse Turner for the $260 reopening fee.  Appellant argues that Judge Littlefield's reimbursement order rested on an error of law.  Specifically, appellant argues that Judge Littlefield erred in closing the case, and that if he had not erroneously closed it, reopening would not have been necessary.  According to appellant, Turner's failure to submit a certificate of completion of a financial management course was not a proper ground for closure.  This Court disagrees.  The Bankruptcy Code requires the bankruptcy court to grant a debtor a discharge, **unless** "after filing the petition, the debtor failed to complete an instructional course concerning personal financial management[.]"  11 U.S.C.A. § 727(a)(11).  In applying this provision, numerous bankruptcy courts have followed the procedure utilized by Judge Littlefield, *i.e.*, closing the bankruptcy case without discharge, and, where appropriate, allowing the debtor to reopen the case and obtain a discharge upon submission of a certificate of completion of the course.  *See, e.g., In re Meaney*, 2008 WL 649068, *2-4 (Bkrtcy.N.D.Ill. Mar. 7, 2008); *In re Miskimon*, 2006 WL 3194075, *1-2 (Bkrtcy.D.Md. Oct. 24, 2006); *In re Knight*, 349 B.R. 681, 683-85 (Bkrtcy.D.Idaho 2006); *In re Martinez*, 2006 WL 681068, *1 (Bkrtcy.N.D.Iowa  Mar. 13, 2006).  On *de novo* review of this legal issue, the Court finds no error.

Appellant also argues it was error to close the case without giving prior notice that the financial management course certificate had not been filed as required.  Appellant cites no authority requiring a bankruptcy court to provide such notice.  Nor is the Court aware of any basis for requiring such notice, particularly in the instant case where the debtor was represented by

experienced counsel, and there is no claim of prejudice to creditors of this no-asset estate. On *de novo* review, the Court finds no legal error.

Accordingly, appellant has demonstrated no legal or factual error underlying Judge Littlefield's direction that appellant reimburse Turner for the $260 reopening fee. The ruling is well within the range of permissible decisions and there is no basis to find an abuse of discretion. *See generally In re Highgate*, 279 F.3d at 151 (reviewing bankruptcy court's imposition of sanctions for abuse of discretion.)

Appellant also challenges Judge Littlefield's ruling that the sum Turner had already paid appellant was reasonable compensation for his services and that therefore Turner was not obligated to pay further attorney's fees. Turner paid appellant $600, and appellant states he spent $562 of this sum for fees and expenses. On review of the entire record, in particular Turner's March 15, 2008 submission to Judge Littlefield and the transcript of the March 18, 2008 hearing, the Court finds that Judge Littlefield clearly articulated the reasons for his ruling, that they are fully supported by the record, that he committed no error of fact or law, and that his exercise of discretion falls well within the range of permissible decisions. Judge Littlefield's attorney's fee ruling was not an abuse of discretion and is proper in all respects.

Appellant raises no other issue warranting reversal. It is therefore

ORDERED that the Order of United States Bankruptcy Judge Robert E. Littlefield, Jr., dated March 19, 2008, is affirmed.

IT IS SO ORDERED.

September 15, 2008
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge